# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIE SEAY,

                Petitioner,      :         Case No. 1:10-cv-848

   - vs -                                     Chief Judge Susan J. Dlott
                                                    Magistrate Judge Michael R. Merz

Warden, Pickaway Correctional
  Institution,

                Respondent.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Objections filed Petitioner Willie Seay (Doc. No. 23) to the Magistrate Judge's Report and Recommendations (Doc. No. 22) recommending this case be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000). In this case, the state court of appeals decided on the merits the constitutional claims Mr. Seay presents in Grounds for Relief One (Double Jeopardy),

1

Two (failure to instruct the jury on an element of the crime), Grounds Three and Four (prosecutorial misconduct), Ground Six (failure to suppress identification testimony), and Ground Seven (insufficient evidence). On each of these Grounds for Relief, the Report found that the court of appeals decision was met the standard of review set out above.

The Objections do not focus on any one Ground for Relief, but instead criticize the Report's general method of reviewing the state court record. Mr. Seay argues that "[t]he opinion of the State Appellate Court is not a sufficient record of fact findings and procedures followed at the trial level." (Objections, Doc. No. 23, PageID 1642, *citing United States ex rel Jennings v. Ragan*, 358 U.S. 276 (1959)). *Ragan* is a *per curiam* opinion in a habeas corpus case and holds:

> [T]he District Court erred in dismissing this petition without first satisfying itself, by an appropriate examination of the state court record, that this was a proper case for the dismissal of petitioner's application without a hearing, in accordance with the principles set forth in *Brown v. Allen,* 344 U.S. 443, 463-465, 506 [1953]. *See also Rogers v. Richmond*, 357 U.S. 220 [1958].

358 U.S. at 277. The District Court had considered only opinion of the Illinois Supreme Court in affirming the conviction.

Mr. Seay also argues that "[t]he decision of the Ohio Court of Appeals is not a transcript of an evidentiary hearing before a State Court within the contemplation of *Townsend v. Sain*, 372 U.S. 293 [(1963)]." (Objections, Doc. No. 23, PageID 1642.) Critically, the Supreme Court in *Townsend* held:

> Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts. . . .

2

> We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

372 U.S. at 312-313.

Finally Mr. Seay asserts that "the District Court is not authorized to rely solely upon the State Appellate determination." (Objections, Doc. No. 23, PageID 1642, *citing Nash v. Eberlin*, 437 F.3d 519 (6th Cir. 2006). In that case the Sixth Circuit held a district court cannot conduct a proper sufficiency-of-the-evidence review without having the entire trial transcript before it.

Examination of the docket shows that this Court does indeed have before it the state trial court transcripts comprising eleven volumes, as required by *Nash* and *Ragan* since Ground Seven claims insufficiency of the evidence (Respondent's Supplement, Doc. No. 11). On the other hand, *Townsend* is no longer good law for the proposition for which Mr. Seay cites it. 28 U.S.C. § 2254(e)(2) prohibits a habeas court from conducting an evidentiary hearing in most cases and the Court certainly cannot consider additional evidence beyond that considered by the state courts when deciding whether the state court decision is objectively unreasonable. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011).

Mr. Seay argues that the Report is "contrary to facts established by the Petitioner in his pleadings. . ." (Objections, Doc. No. 23, PageID 1643). But pleadings do no establish facts. Facts are found by the state courts and their findings are presumed correct unless the Petitioner proves they are wrong by clearly convincing evidence. 28 U.S.C. §§ 2254(d)(2) and (e)(1). These

provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") carry forward and strengthen the presumption of correctness in state court findings which prevailed before the AEDPA. This statutory presumption of correctness extends to factual findings made by state appellate courts on the basis of their review of trial court records. *Girts v. Yanai,* 501 F.3d 743, 749 (6th Cir. 2007); *Mason v. Mitchell,* 320 F.3d 604, 614 (6th Cir. 2003); *Brumley v. Wingard,* 269 F.3d 629, 637 (6th Cir. 2001), citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981). The federal courts give fresh review to claims not adjudicated on the merits in state court but still defer to relevant state court findings of fact. *Couch v. Booker*, 632 F.3d 241(6th Cir. 2011), citing *Williams v. Coyle*, 260 F.3d 684, 706 (6th Cir. 2001) and 28 U.S.C. § 2254(e)(1).

To the extent Mr. Seay points in his pleadings to evidence in the record, the Report considers the state court decisions in light of that evidence. Nothing in the pleadings shows that any of the state court findings of fact is clearly erroneous.

It is therefore again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is again recommended that Mr. Seay be denied a certificate of appealability and leave to appeal *in forma pauperis*. November 17, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

4

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).